UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **Crim. Action No.: 23CR136** |
| **JOHN WILCOX,** | |
| **Defendant.** | |

### MR. WILCOX'S MOTION TO SUPPRESS TANGIBLE EVIDENCE AND STATEMENTS

John Wilcox, through counsel, pursuant to the Fourth and Fifth Amendments of the Constitution, hereby moves to suppress (1) all evidence seized during a warrantless search of his person and a car he occupied on July 12, 2022 and (2) all statements made on the scene during the search of the car on July 12, 2022.

### I.  Background

On July 12, 2022, Mr. Wilcox was driving with his wife and child when suddenly U.S. Park Police activated their emergency lights and ordered him to pull over. According to the incident report, police pulled him over for a purported tag violation. However, the evidence will show that there was no valid basis to pull Mr. Wilcox over. After directing Mr. Wilcox to pull over, police approached the driver's side of the vehicle and ordered Mr. Wilcox to roll down his window. The incident report claims that USPP Officer Carucci observed a clear plastic twist bulging from Mr. Wilcox's left pants pocket. At this point, Officer Carucci ordered Mr. Wilcox out of the car, handcuffed him, and searched the car. Officers searched the center console,

glove box and trunk. While his car was being searched and he was under arrest, Mr. Wilcox made statements in response to statements designed to elicit an incriminating response. The officers did not read Mr. Wilcox his *Miranda* rights on the scene.

Mr. Wilcox is charged in a three-count Indictment with one count unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) and two counts of simple possession of a controlled substance, in violation of 18 U.S.C. § 844(a).

## II.     Legal Standard

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Violations of this guarantee are subject to the exclusionary rule, which requires courts to suppress evidence obtained through unconstitutional means. *See United States v. Weaver*, 808 F.3d 26, 33 (D.C. Cir. 2015) ("the exclusionary rule prohibits the government from introducing in its case in chief evidence obtained in violation of the Fourth Amendment.") (citing *Mapp v. Ohio*, 367 U.S. 643, 655 (1961) and *Weeks v. United States*, 232 U.S. 383, 398 (1914)). When a defendant has been seized or searched without a warrant, "the government bears the burden of justifying a warrantless arrest or search." *United States v. Wright*, 233 F. Supp. 3d 165, 171 (D.D.C. 2017) (citing *United States v. Jones*, 374 F. Supp. 2d 143, 147 (D.D.C. 2005), *United States v. Jeffers*, 342 U.S. 48, 51 (1951), and *United States v. Mangum*, 100 F.3d 164, 169 (D.C. Cir. 1996)). This is because "searches and

seizures conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions." *United States v. Vinton*, 594 F.3d 14, 19 (D.C. Cir. 2010) (quoting *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993)).

It is by now axiomatic that absent an arrest warrant, police need probable cause that a person is engaged in criminal activity before they can arrest. *See Illinois v. Gates*, 462 U.S. 213, 231-32 (1983). Probable cause exists when an officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jocks v. Tavenier*, 316 F.3d 128, 135 (2d Cir. 2003) (internal quotations omitted); *accord Dunaway v. New York*, 442 U.S. 200, 208 n.9 (1978).

It is also a bedrock principle that when a person is under arrest, police must advise the person of their rights under *Miranda v. Arizona* before questioning them. 384 U.S. 436 (1966). If *Miranda* warnings are not properly given, any statements elicited by the police must be suppressed. *Id.*

### III. Argument

#### i. Officers unlawfully stopped Mr. Wilcox's car.

The police did not have probable cause to conduct a traffic stop and seize Mr. Wilcox. The officers claim they stopped the car based on an alleged traffic violation, but the evidence at a hearing on this motion will demonstrate that no such traffic

violation occurred. The unlawful stop of the car with Mr. Wilcox in it violated Mr. Wilcox's Fourth Amendment rights. *See Brendlin v. California*, 551 U.S. 249, 251 (2007) ("When a police officer makes a traffic stop, the driver of the car is seized within the meaning of the Fourth Amendment."). The evidence must be suppressed as the fruit of the unlawful search of the car. *See Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

### ii. Officers unlawfully arrested Mr. Wilcox

The evidence must be suppressed separately as the fruit of Mr. Wilcox's arrest. Mr. Wilcox was arrested at the point that the police officer ordered him out of the car and immediately placed him in handcuffs. At that point, the police lacked probable case that he had committed any crime. *Dunaway v. New York*, 442 U.S. 200, 213 (1979) (probable cause is the essential prerequisite to an arrest). The warrantless arrest of Mr. Wilcox was therefore unlawful. The evidence seized must be suppressed as the fruit of the unlawful arrest of Mr. Wilcox. *Wong Sun*, 371 U.S. at 488.

### iii. Police unlawfully searched the car.

After placing Mr. Wilcox in handcuffs, officers conducted a full search of his car. The officers did not have a valid a basis to search the car. Absent a showing of an exception to the warrant requirement, evidence seized from Mr. Wilcox's car must be suppressed on this basis as well.

### iv. Police unlawfully obtained statements from Mr. Wilcox.

Prior to making statements to Mr. Wilcox and while he was under arrest, officers failed to Mirandize Mr. Wilcox. Therefore, any and all statements he made on the scene must be suppressed as a violation of the Fifth Amendment. *Miranda v. Arizona*, 384 U.S. 436 (1966).

### Conclusion

A hearing on this Motion will show that U.S. Park police stopped, arrested, and searched Mr. Wilcox in violation of the Fourth Amendment. Therefore, tangible evidence recovered from the search must be suppressed. The evidence will also show that officers elicited statements from Mr. Wilcox while he was under arrest without having advised him of his *Miranda* rights. Therefore, his statements must be suppressed as fruits of violations of the Fourth and Fifth Amendments.

Counsel respectfully reserves the right to supplement this Motion following hearing on Mr. Wilcox's Motion.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
ELIZABETH MULLIN
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500